983 F.2d 1067
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sheila J. KORTE, Plaintiff-Appellant,
v.
Ronald DIEMER, Individually and as Sheriff; Putnam County
Sheriff's Office; Putnam County Commissioners,
Defendants-Appellees.
 No. 91-3658.
 United States Court of Appeals, Sixth Circuit.
 Dec. 28, 1992.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In this action alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e et seq. (West 1981 & Supp.1992) ("Title VII"), and the Fair Labor Standards (Equal Pay) Act, 29 U.S.C. § 206(d) (1988), Plaintiff Sheila J. Korte appeals the district court order which denied her claim for additional damages after a remand from this court and which awarded her only nominal attorney fees of $1000 for services for her original appeal. We affirm in part and reverse in part.
 
 I.[1]
 
 2
 Korte was employed as a Deputy Sheriff in the Putnam County, Ohio, Sheriff's Office ("PCSO") from September 1977 through 1985. While she was so employed, she had duties similar to the other deputy sheriffs in the PCSO. Despite having similar job descriptions and duties, she was paid approximately $5000 per year less than her male counterparts.
 
 
 3
 On March 20, 1985, Korte filed complaints with the Ohio Civil Rights Commission ("OCRC") and the Equal Employment Opportunity Commission ("EEOC"), wherein she charged that Ronald Diemer, Sheriff of Putnam County, Ohio, and the PCSO violated Title VII and the Equal Pay Act by discriminating against her on the basis of gender. Korte filed a second EEOC complaint in April 1985 in which she charged that Diemer and the PCSO had discriminated against her on the basis of her age and retaliated against her for filing her first EEOC complaint. On October 3, 1986, Korte brought suit in the United States District Court for the Northern District of Ohio against Diemer, the PCSO, the Putnam County Board of Commissioners, and three individual Putnam County Commissioners (hereinafter collectively referred to as the "Defendants"). She alleged that the Defendants had discriminated against her on the basis of sex in her compensation and conditions of employment, that they denied her a promotion to captain based on her sex, and that they retaliated against her for filing a claim with the EEOC by laying her off and interfering with her subsequent employment.
 
 
 4
 The Equal Pay Act claim was tried to a jury, which found in her favor and awarded back pay of $2624 for the period from October 3, 1984 to April 5, 1985. A further award of $4880.29 in attorney fees for the Equal Pay Act claim was made. The Title VII claims were tried before the judge, who found in favor of the Defendants on all claims.
 
 
 5
 On appeal, a panel of this circuit held that the jury's finding of wage discrimination based on sex was binding on the court's determination of wage discrimination under Title VII. Korte v. Diemer, 909 F.2d 954, 959 (6th Cir.1990) (Korte I.). As a result, the panel reversed the district court's judgment on the related Title VII wage discrimination claim and remanded the case. Id.
 
 
 6
 On remand, Korte filed a motion for additional damages and attorney fees. She argued that, because of the Sixth Circuit's ruling, the district court was obliged to find in her favor on all of her Title VII claims, including her claims based on failure to promote, retaliation, and with regard to punitive damages. After the case was referred to a magistrate judge, that magistrate judge recommended that Korte be given relief only as to her wage discrimination claim and be awarded attorney fees for the previous appeal. Both parties filed objections. The district court then decided that Korte was not entitled to any further award of damages and was entitled to a nominal award of attorney fees of $1000.
 
 II.
 A.
 
 7
 Korte first argues that the district court erred and ruled in contravention of Korte I when it denied her claims for full Title VII damages. Specifically, she argues that she is entitled to damages based on her failure to promote and retaliation claims. She contends that the prior Sixth Circuit opinion gives her that entitlement. Korte's argument is wrong. In that decision, the court held that the jury's finding of wage discrimination based on sex under the Equal Pay Act was binding on the district court's determination of her Title VII wage discrimination claim. Id. That holding is not to be extended to Korte's other Title VII claims. Whether she would be entitled to damages under those claims depends on her proving the essential elements of those claims. Because the district court held that Korte had not proven the required elements of her failure to promote and retaliation claims, her request for damages on those claims is without merit.
 
 B.
 
 8
 Korte next argues that she is entitled to damages on her Title VII wage discrimination claim. Based on Korte I, a damage award pursuant to this claim could be appropriate. Id. The Defendants argue that this court's prior decision is limited to binding the district court to find wage discrimination during the period considered by the jury. As a result, they argue that no additional award is required. The district court decided not to make an additional award because it felt that the back pay award Korte received based on her Equal Pay Act claim adequately accomplished the goal of putting Korte in the position she would have occupied without the discrimination. J.A. at 204-05. Seemingly, the district court thought that the back pay available to Korte was the same under both the Equal Pay Act and Title VII.
 
 
 9
 A decision to award back pay is within the discretion of the trial court. Christopher v. Stouder Memorial Hosp., 936 F.2d 870, 880 (6th Cir.), cert. denied, 112 S.Ct. 658 (1991). In the absence of exceptional circumstances, however, back pay should always be awarded when a Title VII violation is found. Rasimas v. Michigan Dep't of Mental Health, 714 F.2d 614, 626 (6th Cir.1983), cert. denied, 466 U.S. 950 (1984).
 
 
 10
 In making its determination not to award further damages, the district court misconstrued the law. Under the Equal Pay Act, the period of back pay available extends to two years before the date of filing of the lawsuit. See, e.g., Hamilton v. 1st Source Bank, 895 F.2d 159, 165 (4th Cir.1990) ("Courts have interpreted [29 U.S.C. § 255(a) ] as limiting recovery for back wages to the two-year period prior to the filing of a complaint for a nonwillful violation in the context of a Federal Equal Pay Act claim."); Hodgson v. Behrens Drug Co., 475 F.2d 1041, 1050-51 (5th Cir.), cert. denied, 414 U.S. 822 (1973); Miller v. Kansas Power & Light Co., 585 F.Supp. 1509, 1514 (D.Kan.1984); 29 U.S.C. § 255(a) (1988) (two-year statute of limitations for violations under 29 U.S.C. § 206; three years if the violation is willful). The period of back pay available under Title VII begins two years prior to the date of filing a charge of discrimination with the EEOC, however. See Lusted v. San Antonio Indep.Sch.Dist., 741 F.2d 817, 822 (5th Cir.1984); 42 U.S.C.A. § 2000e-5(g).
 
 
 11
 Turning to the facts of the case, the jury awarded back pay for the period commencing October 3, 1984, two years before the filing of this suit, until April 5, 1985, the date Korte was laid off. This was a proper period for an award under the Equal Pay Act. However, because the period of back pay available under Title VII begins two years prior to the date of filing a charge with the EEOC, Korte could be entitled to back pay from March 20, 1983.
 
 
 12
 In framing an appropriate back pay award, it is the duty of the court to put the discriminated victim in the position she would have occupied if the defendant had not discriminated against her. See Albermarle Paper Co. v. Moody, 422 U.S. 405, 418-19 (1975). Where that party prevails on both an Equal Pay Act claim and a Title VII claim, remedies must be tailored so as to give the party the benefit of having prevailed on both claims but avoid duplication. Grove v. Frostburg Nat'l Bank, 549 F.Supp. 922, 946 (D.Md.1982). See also Lusted, 741 F.2d at 822.
 
 
 13
 In Lusted, the plaintiff filed an EEOC complaint alleging violations of Title VII on July 25, 1977. Because she filed her EEOC complaint on July 25, 1977, she would be entitled to back pay under Title VII dating from July 25, 1975 if she prevailed. In February 15, 1980, she filed a lawsuit claiming violations under the Equal Pay Act and Title VII. After finding a willful violation of the Equal Pay Act, the district court awarded the plaintiff back pay under that claim for three years--from February 15, 1977 to February 15, 1980. The court did not make an award for back pay under Title VII, however. Id. at 822. The court of appeals remanded the case to the district court so that it could determine whether to grant back pay under Title VII for the period between July 25, 1975, two years before the date she filed her complaint with the EEOC, and February 15, 1977, the date that her Equal Pay Act back pay award began. Id.
 
 
 14
 In this case, just as in Lusted, there is an overlap between the back pay available to Korte under the Equal Pay Act and Title VII. To avoid any overlap in the back pay award she received pursuant to her Equal Pay Act claim which commenced October 3, 1984, we conclude that Korte may be entitled to receive back pay under Title VII from March 20, 1983 to October 3, 1984 only.
 
 C.
 
 15
 Korte next requests punitive damages under Title VII. Due to the passage of the Civil Rights Act of 1991, Pub.L. No. 102-166, 105 Stat. 1071 (codified as amended in scattered sections of 2 & 42 U.S.C.), punitive damages are now available under Title VII, see 42 U.S.C.A. § 1981a (West 1992); however, punitive damages are not available to Korte under Title VII because the Civil Rights Act of 1991 does not apply retroactively. Harvis v. Roadway Express, Inc., 973 F.2d 490, 497 (6th Cir.1992) (the Civil Rights Act of 1991 is not to be applied retroactively). See Patterson v. McLean Credit Union, 491 U.S. 164, 182 n. 4 (1989) (punitive damages are not available under Title VII). Therefore, this request lacks merit.
 
 D.
 
 16
 Korte next seeks an award of prejudgment interest. "[T]he matter of prejudgment interest remains essentially one for the discretion of the trial judge." EEOC v. Wooster Brush Co. Employees Relief Ass'n, 727 F.2d 566, 579 (6th Cir.1984). We review the trial court's determination under an abuse of discretion standard. Id. Prejudgment interest may be allowed by the trial court "where a request for same is made in the complaint." Farber v. Massillon Bd. of Educ., 917 F.2d 1391, 1401 (6th Cir.1990) (citing Shearson/American Express, Inc. v. Mann, 814 F.2d 301, 307 (6th Cir.1987)), cert. denied, 111 S.Ct. 2851 (1991).
 
 
 17
 We find no abuse of discretion in the district court's declining to award prejudgment interest, especially where there is no explicit request for prejudgment interest in Korte's complaint.
 
 E.
 
 18
 Korte also requests additional attorney fees. In light of our reversal on the Title VII claim, Korte's request for attorney fees must be reconsidered by the district court. Should the district court find that Korte is entitled to further damages under Title VII, Korte would have achieved a more significant victory and thus, would be entitled to additional attorney fees. 42 U.S.C.A. § 2000e-5(k); Hensley v. Eckerhart, 461 U.S. 424, 433 (1982) (in case involving the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C.A. § 1988, the Court held that "plaintiffs may be considered 'prevailing parties' for attorneys' fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit.") (emphasis added).[2]
 
 III.
 
 19
 For the reasons stated herein, the district court's order is affirmed in part and reversed in part. We affirm the following: Korte's Title VII claims for failure to promote and retaliation; Korte's request for punitive damages under Title VII; and Korte's request for prejudgment interest. We reverse the following: Korte's Title VII claim for wage discrimination and Korte's request for attorney fees. On remand, the district court should determine whether Korte proved a Title VII injury during the period detailed above which would entitle her to a back pay award. If the court finds that Korte is entitled to an additional back pay award, it should make that award in accordance with its findings and this opinion. Finally, Korte's request for attorney fees is remanded for reconsideration.
 
 
 
 [1]
 For a more complete recap of the facts, see Korte v. Diemer, 909 F.2d 954, 954-57 (6th Cir.1990)
 
 
 [2]
 "It is well established that 42 U.S.C. § 1988 is patterned after 2000e-5(k). Decisions under § 1988, with a few noteworthy exceptions not applicable to this case, govern decisions under § 2000e-5(k)." Woolridge v. Marlene Industries Corp., 898 F.2d 1169, 1174 n. 8 (6th Cir.1990) (citing Hanrahan v. Hampton, 446 U.S. 754, 758 n. 4 (1980) (per curiam))